UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUINTIN L. WILSON,

        Plaintiff,

    -v-                            3:23-CV-263

SGT. DANIEL FLANDERS *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

QUINTIN L. WILSON
Plaintiff, Pro Se
225323
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On February 28, 2023, *pro se* plaintiff Quintin L. Wilson ("plaintiff") filed this action alleging that the named defendants violated his civil rights in connection with an incident that occurred at his home on June 1, 2021. Dkt. No. 1. Although this action was initially closed due to plaintiff's failure to pay the filing fee, Dkt. No. 3, he later moved for leave to proceed *in forma*

*pauperis* ("IFP Application"), Dkt. Nos. 4, 6, 7, and the Clerk reopened the case and restored it to the active docket, Dkt. No. 8.

On May 4, 2023, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application for the purpose of initial review and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with partial leave to replead.  Dkt. No. 10.  As Judge Dancks explained, it might be possible for plaintiff to state a claim against defendants Grace and/or Flanders.  *Id*.  However, amendment would be futile as to any claims against Judge Dooley, Judge Cawley, or Alexander Czebiniak, because those defendants were entitled to absolute judicial or prosecutorial immunity.  *Id*.

Plaintiff has filed objections.  Dkt. No. 11.  Broadly stated, plaintiff's objections appear to be another series of allegations regarding his possible civil rights claim or claims against defendant Flanders.  *Id*.  But objections are not the right place to try to replead a claim.  Instead, objections are an opportunity for a litigant to identify specific portions of an R&R that may have been erroneous.  Plaintiff has not done that.  Accordingly, the R&R is accepted and will be adopted in all respects.  *See* 28 U.S.C. § 636(b)(1)(C).

However, plaintiff is advised that he now has an opportunity to try to replead certain of his claims, including the claim or claims against defendant Flanders that he identifies in his objections to the R&R, by filing an amended pleading in accordance with the instructions set forth in Judge Dancks's

- 2 -

R&R, including those on pages 11 and 12. But plaintiff may <u>not</u> replead his claims against Judge Dooley, Judge Cawley, and/or Alexander Czebiniak.

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's claims against Judge Dooley, Judge Cawley, and Alexander Czebiniak are DISMISSED with prejudice and without leave to amend;

3. Plaintiff's claims against defendants Flanders and Grace are DISMISSED with leave to amend;

4. Plaintiff shall have thirty days in which to amend his pleading;

5. If plaintiff files an amended complaint within the thirty-day deadline, the pleading shall be returned to Judge Dancks for an initial review;

6. If plaintiff does not file an amended complaint within the thirty-day deadline, the Clerk is directed to enter a judgment dismissing this action without further order of the Court.

IT IS SO ORDERED.

Dated: May 17, 2023
      Utica, New York.

David N. Hurd
U.S. District Judge